IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

BRADLEY THOMAS UREN                                                              PLAINTIFF

    v.                              Civil No. 3:22-cv-03049-TLB-MEF

SERGEANT T. MAZE;
SERGEANT C. MAPLE;
SERGEANT K. JAMES;
LIEUTENANT S. DENNIS; and
SHERIFF J. MONTGOMERY                                                         DEFENDANTS

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

    This is a civil rights action filed by the Plaintiff under 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis*. Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3), the Honorable Timothy L. Brooks, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. The case is before the Court on Plaintiff's failure to obey the Court's Orders.

    **I.**    **DISCUSSION**

    Plaintiff filed his Complaint to initiate this action on September 13, 2022. (ECF No. 1). An initial scheduling order was issued on November 21, 2022. (ECF No. 11).

    On April 20, 2023, Defendants timely filed a Motion for Summary Judgment. (ECF Nos. 12-14). The following day, an Order was entered directing Plaintiff to respond to the summary judgment motion by May 12, 2023. (ECF No. 15). Plaintiff was given explicit instructions regarding what was required of him to file a response in accordance with Rule 56 of the Federal Rules of Civil Procedure. In the same Order, Plaintiff was advised that failure to respond to the

Order would result in: (a) all the facts set forth by the Defendants in the summary judgment papers being deemed admitted and/or (b) the case would be subject to dismissal.

On May 31, 2023, a Show Cause Order (ECF No. 17) was entered when Plaintiff failed to file a response to the Summary Judgment Motion.  Plaintiff's response to the Show Cause Order was due by June 21, 2023.  Instead of responding to the Show Cause Order, Plaintiff filed a Motion for Appointment of Counsel (ECF No. 18).  The Motion was denied (ECF No. 19).  Plaintiff then filed a second Motion for Appointment of Counsel (ECF No. 20) and a Motion for an Extension of Time to Respond to the Summary Judgment Motion (ECF No. 21).  In these Motions, Plaintiff indicated he did not understand how to respond to a summary judgment motion and also needed assistance in obtaining discovery.  In denying the second Motion for Appointment of Counsel, the Court noted Plaintiff had not sought the Court's assistance in obtaining discovery documents during the discovery period as set forth in the Initial Scheduling Order.  Further, Plaintiff did not request counsel until after he failed to respond both the Summary Judgment Motion and the Show Cause Order.  Plaintiff was granted an extension of time until July 18, 2023, to respond to the Summary Judgment Motion.  (ECF No. 23).

Once again, Plaintiff did not file his summary judgment response.  As a matter of procedural fairness and to give Plaintiff yet another opportunity to comply with the Court's Orders, a Show Cause Order (ECF No. 24) was entered.  Plaintiff was given until August 15, 2023, to respond.  Plaintiff was advised that if he failed to respond by the deadline, "this case shall be subject to dismissal."

To date, Plaintiff has not responded to the Defendants' pending Motion for Summary Judgment or responded to the Show Cause Order.  He has not requested an extension of time to

2

file his responses.  No mail has been returned as undeliverable.  Plaintiff has failed to comply with the Court's Orders.  (ECF Nos. 23 & 24).  Plaintiff was advised in each of the above-mentioned Orders that failure to comply would subject the case to dismissal.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law.  *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984).  The Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court.  Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)).  Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order."  *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).  Additionally, Rule 5.5(c)(2) of the Local Rules for the Eastern and Western Districts of Arkansas requires parties appearing *pro se* to monitor the case, and to prosecute or defend the action diligently.

Furthermore, a dismissal pursuant to Rule 41(b) operates as an adjudication on the merits unless it is otherwise specified.  Fed. R. Civ. P. 41(b); *Brown*, 806 F.2d at 803.  When considering Rule 41(b) dismissal, the Court must balance: (1) "the degree of [Plaintiff's] egregious conduct"; (2) the adverse impact of the conduct on the Defendants; and (3), the Court's ability to administer justice.  *Rodgers v. Curators of University of Missouri*, 135 F.3d 1216, 1219 (8th Cir. 1998) (internal quotations omitted).  In *Rodgers*, the Eighth Circuit provides the standard the Court must consider before dismissing with prejudice for failure to prosecute:

> Dismissal with prejudice is an extreme sanction and should be used only in cases of willful disobedience of a court order or . . . persistent failure to prosecute a complaint.  [The Court must consider] . . . whether in the particular circumstances of the case, the needs of the court in advancing a crowded docket and preserving

3

respect for the integrity of its internal procedures are sufficient to justify the harsh consequences of forever denying a litigant of his day in court. However, the [Court] need not [find] that appellant acted in bad faith, only that he acted intentionally as opposed to accidentally or involuntarily. *Id.*

Here, Defendants expended resources conducting discovery and preparing their Motion for Summary Judgment. Plaintiff then elected not to respond to this Motion even after being directed to do so by the Court in two separate instances. The Motion for Summary Judgment has been pending since April 20, 2023. Plaintiff was advised in three separate Court Orders that failure to respond would result in dismissal of his case. Plaintiff has not communicated with the Court in any way after the Court granted him an extension of time to respond to Defendants' Motion for Summary Judgment.

## II.   CONCLUSION

For these reasons, it is recommended that, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, this case be **DISMISSED WITH PREJUDICE** based on Plaintiff's intentional failure to prosecute this case; his failure to obey the orders of the Court; and his failure to comply with Local Rule 5.5(c)(2).

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 28th day of August 2023.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE

4